Michelle Labayen (2960)
Law Office of Michelle Labayen
24 Commerce Street, Suite 530
Newark, NJ 07102
973-622-1584
michelle@bankruptcynyc.com

Linda M Tirelli, Esq.
Tirelli & Wallshein, LLP
50 Main Street, Ste. 405
White Plains, NY 10606
(914)732-3222
LTirelli@TW-LawGroup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

-------------------------------------------------X

Sandra Page

        Debtor.                              Ch 13 Case No.: 15-13261(CGM)

-------------------------------------------------X

SANDRA PAGE                               Adv. No. 18-_____

            Plaintiff                      ***COMPLAINT***

V.

WELLS FARGO BANK N.A

            Defendant

-------------------------------------------------X

**COMPLAINT OF THE PLAINTIFF PURSUANT TO 11 U.S.C. SECTION 506(A)AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM AN COMPLAINT TO VOID MORTGAGE LIEN PURSUANT TO 11U.S.C. 506(d) AND COMPLAINT OBJECTING TO PROOF OF CLAIM NO. 1-1 AND COMPLANT FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

NOW HERE COMES Chapter 13 Debtor, SANDRA PAGE (hereinafter the "Plaintiff") by her attorneys of record, namely Michelle Labayen, Esq. of The Law Offices of Michelle Labayen and Linda M Tirelli, Esq. of Tirelli & Wallshein LLP, and hereby brings her complaint to the United States Bankruptcy Court and hereby says as follows:

    <u>PRELIMINARY STATEMENT</u>

1. The Debtor commenced this action by the filing of her Chapter 13 Petition on December 9, 2015.

2. Debtor is the owner of real estate located at 755 East 245th Street Bronx, NY 10456 (hereinafter the "Property").

3. The Debtor has listed the Property on Schedule A with the following note: "Debtor disputes the secured mortgage claims as to the total amount of the debt as of the petition date and as to the alleged arrears and also disputes the scheduled party is the lawful owner and holder of the original mortgage and note".

4. The Debtor listed Wells Fargo Bank N.A as secured creditors on her Schedule D with the following note: Debtor disputes the secured mortgage claims as to the total amount of the debt as of the petition date and as to the alleged arrears and also disputes the scheduled party is the lawful owner and holder of the original mortgage and note".

5. Debtor Disputes the originality and authenticity of her signature on both the note and the mortgage based on an expert report verifying that the signature of the debtor was done by a non-human mechanical device believed to be whats commonly known as an "autopen" or such other device not familiar to the Plaintiff and not authorized by her to replicate her signature and there for forge her signature on the version of the note and mortgage presented to this court as authentic.

6. Debtor disputes if the Assignment of the mortgage dated January 7, 2003 was properly assigned based on similar questionable loans in the same time period (2001-2003) provided by Costal Capital Corp. see *U.S v Kontogiannis*, 09 CR 360 U.S District Court Eastern District of New York (Brooklyn).

7. Debtor disputes that no clear chain of title exists due to the concern of authenticity of the signature of the note and bogus assignments.

8. Debtor disputes the amount of the claim and the calculations of the amount, as the amounts in the Claim were estimated based on the last statement the Debtor received from Well (which she disputes).

I. **FACTUAL ALLEGATIONS**

9. The Debtor avers, based upon her knowledge and belief, that she purchased the Property giving a mortgage to Coastal Capital Corp d/b/a The Mortgage Shop on or about December 21, 2001.

10. Debtor noted her schedules and dispute of the creditor's identity, the amount of the claim and the calculation of the amount.

11. Debtor filed an Objection to Wells Fargo Proof of Claim #9 by Wells Fargo on June 7, 2016 (ECF 17).

12. Wells Fargo responded to the Debtor's objection however refused to allow for the original loan file document to be reviewed by the Debtor's Handwriting expert.

13. The Debtor made the request to review the original loan from August 22, 2016 to December 1,2016.

14. On or about December 1, 2016 the sitting Judge Garrity refused to order the review of the Original loan file documents and suggested that a Loan Modification would be more beneficial to the Debtor

15. On or about December 5, 2016 the Debtor requested to apply for Loan Modification and the Order was signed on December 22, 2016 (ECF34).

16. The Debtor was denied the Loan Modification on or about April 10, 2017 and the Debtor's appeal letter was denied on or about May 15, 2017.

17. The Debtor found that the denial of the modification was not properly justified in that it lacked specifics as to appraisal value used, percentage of Debt to income and explanation as to other modifications that may have been available.

18. On August 14, 2017 the Debtor renewed her original request to review the original loan file to which this court directed the bank to provide.

19. Upon the inspection of the alleged original loan documents by Mr. Robert Bair, forensic handwriting expert, he concluded that Wells Fargo original loan file documents did not include an original signature from the debtor or any human, but rather from a mechanical device, an "autopen".

## II. JURISDCTION AND VENUE

20. Jurisdiction is found on 28 U.S.C § 1331.  This Court has jurisdiction over this proceeding pursuant to 11 U.S.C §§1334 (b) and 157(b) (2) (C) to the Objection to the Proofs of Claim. This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C §1367(a).  Venue is properly laid pursuant to 28 U.S.C §1391(b).

## III. PARTIES

21. The Plaintiff SANDRA PAIGE (hereinafter "Plaintiff") is an adult resident of the State of New York, 755 East 245th Street Bronx, NY 10456

22. Upon information and belief Wells Fargo Bank is a for profit corporation with its principal place of business at 420 Montgomery Street San Francisco CA 94104.  The Defendant can be served upon Mr. Timothy J Sloan, CEO of Wells Fargo Bank, NA 420 Montgomery Street San Francisco CA 94104

## IV. FIRST CAUSE OF ACTION AGAINST WELLS FARGO BANK N.A OBJECTION TO PROOF OF CLAIM

23. The plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1 through 22 as if reasserted and re-alleged herein.

24. The Plaintiffs object to the filed proof of claim no.: 9 pursuant to Rule 3007 due to lack of supporting documentation verifying the debt as owed to Defendant.

25. Defendant Wells Fargo violated Federal Rule of Bankruptcy Procedure 3001(c). Defendant is liable to the plaintiffs for the actual damages they have sustained by reason of its violation of the F.R.B.P 3001, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages and request that the Defendant's claim is expunged and to be precluded from filing any amended, modified or substitute claims in this case;

V.  <u>AS AND FOR THE SECOND CAUSE OF ACTION AGAINST WELLS FARGO BANK N.A LACKOF STANDING AS REAL PARTY IN INTEREST</u>

26. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

27. The Defendant has failed to prove that it is a real party of interest with the ability to sue and be sued. See <u>U.S. Bank National Ass'n v. Ibanez</u> 941 N.E. 2d 40 (Mass. 2011); <u>M&T Mortg. Corp. v. Foy</u>, 858 N.Y.S.2d 567, 572 (N.Y. Sup. Ct. 2008); <u>Bank of New York as Trustee for Home Mortgage Investment Trust 2004-4 Mortgage backed Notes, Series 2004-4 v. Michael J Raftogianis</u> 13 A.3d 435 (N.J. Super. Ct. Ch. Div. 2010).

28. Defendant violated Federal Rules of Civil Procedure 17(a) and 17 (b).

5

29. Defendant is liable to the plaintiffs for the actual damages they have sustained by reason of its , in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

VI. <u>AS AND FOR THE THIRD CAUSE OF ACTION AGAINST WELLS FARGO BANK N.A VIOLATION OF DUTY OF CARE</u>

30. Wells Fargo Bank owed to Plaintiffs a Duty of Care with respect to servicing their mortgage loans for reasons including, without limitation that the loan was secured by an interest in Plaintiff's family residence and that a lack of care or additional unnecessary fees or bank ordered expensed would result in overpayments causing great economic hardship.

31. Plaintiff bargained and performed in good faith that the Defendant would properly calculate escrow, apply mortgage payments correctly to principal to interest, to properly apply escrow payments to principal and interest, to refrain from applying additional fees.

32. Wells Fargo is liable to the plaintiff for the actual damages they have sustained by reason of its violation of Duty of Care, in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial stress.

## VII. AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST WELLS FARGO BANK N.A FORGERY AND FRAUD UPON THE COURT

33. The Plaintiff repeats and re-alleges each and every allegation set forth above as if asserted and re-alleged herein.

34. The Plaintiff avers that based upon information and belief, Wells Fargo Bank, NA has submitted versions of the Note and Mortgage to this court bearing the Debtor's forged signature.

35. Upon in person inspection it is clear, the signature on the Note is not made by a human hand. A mechanical device was used to place an unauthorized replicated signature on a version of the note for the purpose of enticing the reliance of this Court, the Debtor, the Chapter 13 Trustee, all other creditors and parties in interest.

36. Filing false documents with the court bearing falsified (ie forged signatures) calls the integrity of the entire bankruptcy process into question.

37. The Court should note that this is not the first time Wells Fargo faces an accusation of forging signatures in SDNY Bankruptcy Courts. On January 29, 2015, the Honorable Judge Robert D Drain used variations of the word "forgery" TWENTY-NINE (29) times in a THIRTY (30) page opinion blasting Wells Fargo Bank, NA for using bogus assignments and unauthorized rubber stamp signatures as indorsement on a Note (see In Re: 10-20010-rdd <u>Cynthia Carssow Franklin Dkt. No. 109)</u>

38. It is well within this court's power to sanction Wells Fargo Bank, NA for its overt deliberate action of creating documents from whole cloth and forging the Debtor's signature and, when found out, do nothing but out-spend the consumer and intimidate her by forcing her to bring this instant complaint.

39. The Debtor beseeches the court to act well within its powers under 11 U.S.C. 105 and sanction the mortgage industry behemoth, Wells Fargo Bank, NA, for not correcting its known propensity to create and file false documents in a federal court of law in what has become its usual business practice of defrauding consumer debtors and forging documents submitted to this court.

40. Wells Fargo is liable to the plaintiff for the actual damages in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, legal fees, expert fees, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial stress

WHEREFORE, the plaintiff, demands

a. judgment against the Defendant disallowing and expunging the proof of claim;

b. void the lien on the Debtor's property pursuant to 11 U.S.C. 506(d);

c. determining the arrears to be zero;

d. Attorneys' fees;

e. Any other relief deemed appropriate by this Honorable Court

April 9, 2018  
Newark, New Jersey  
.  

/s/ Michelle Labayen, 2960  
Law office of Michelle Labayen PC  
24 Commerce Street Suite 530  
Newark, NJ 07102  
973-6322-1584

April 9, 2018  /S/ Linda Tirelli
White Plains, NY  Tirelli & Wallshein LLP
50 Main Street Suite 405
White Plains, NY 10606