REED SMITH LLP
Christopher A. Lynch
599 Lexington Avenue, 22nd FL
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Email: clynch@reedsmith.com

*Attorney for Wells Fargo Bank, N.A.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>SANDRA PAGE,<br><br>              Debtor. | Chapter 13<br><br>Case No. 15-13261 (CGM) |
| SANDRA PAGE,<br><br>              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>              Defendant. | Adv. Pro. No. 18-01140 (CGM) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

                                                                                                 **Page**

FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 1

NATURE OF THE ACTION ................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

I.     Dismissal of the Second, Third and Fourth Causes of Action Is Required Because the Court Lacks Subject Matter Jurisdiction Over Those Claims pursuant to The Younger Doctrine .................................................................................................................... 4

II.    The Complaint Fails to State a Claim .................................................................... 6

      A.     Applicable Standard ..................................................................................... 6

      B.     Plaintiff's First Cause of Action for Objection to the Proof of Claim Fails to State a Claim ............................................................................................... 7

      C.     Debtor's Third Cause of Action for Breach of Duty of Care Fails as Matter of Law .......................................................................................................... 9

III.   Debtor's Claims are Barred by the Doctrine of Collateral Estoppel ............................... 10

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbatiello v. Wells Fargo Bank, N.A.*,
  No. 15-cv-4210(SJF), 2015 WL 5884797 (E.D.N.Y. Oct. 8, 2015) ......................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 6

*Aurora Loan Servs., LLC v. Taylor*,
  25 N.Y. 3d 355 (2015) ......................................................................................................... 11

*BAC Home Loans Servicing, LP v. Uvino*,
  155 A.D.3d 1155 (N.Y. App. Div. 2017) ........................................................................... 11

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 6

*Cendant Mortg. Corp. v. Packes*,
  37 A.D.3d 515 (N.Y. App. Div. 2007) ................................................................................. 9

*Costigan v. CitiMortgage, Inc.*,
  No. 10 CIV. 8776 SAS, 2011 WL 3370397 (S.D.N.Y. Aug. 2, 2011) .................................. 9

*Cuomo v. Mahopac Nat'l Bank*,
  5 A.D.3d 621 (N.Y. App. Div. 2004) ................................................................................... 9

*DeMartino v. New York*,
  586 F. App'x 68 (2d Cir. 2014) .......................................................................................... 10

*Denton v. Hyman (In re Hyman)*,
  502 F.3d 61 (2d Cir. 2007) .................................................................................................. 10

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*
  545 U.S. 546 (2005) ............................................................................................................... 4

*Fellows v. CitiMortgage, Inc.*,
  710 F. Supp. 2d 385 (S.D.N.Y. 2010) .................................................................................. 6

*Fequiere v. Tribeca Lending*,
  14-cv-812(RRM), 2014 U.S. Dist. LEXIS 183152 (E.D.N.Y. July 15, 2014) ...................... 5

*Gentner v. Shulman*,
  55 F.3d 87 (2d Cir. 1995) ...................................................................................................... 4

*Graham v. Select Portfolio Serv., Inc.*,
    156 F. Supp. 3d 491 (S.D.N.Y. 2016)..................................................................................10

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)......................................................................................................6

*Hawaii Housing Auth. v. Midkiff*,
    467 U.S. 229 (1984)................................................................................................................4

*Huffman v. Pursue, Ltd.*,
    420 U.S. 592 (1975)................................................................................................................4

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)....................................................................................................4

*Marcelo v. EMC Mortg. Corp.*,
    No. 10-cv-5964, 2011 WL 1792671 (E.D.N.Y. May 6, 2011).................................................5

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)..............................................................................................................10

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
    998 F.2d 1192 (3d Cir. 1993)..................................................................................................7

*Renne v. Geary*,
    501 U.S. 312 (1991)................................................................................................................4

*Ryan v. New York Tel. Co.*,
    62 N.Y.2d 494 (1984) ...........................................................................................................10

*Sinclair Broad Grp., Inc. v. Bank of Montreal*,
    No. 94 Civ. 4677, 1995 WL 70577 (S.D.N.Y. Feb. 21, 1995) ................................................9

*Southern Cross Overseas Agencies. Inc. v. Wah Kwong Shipping Group, Ltd.*,
    181 F.3d 410 (3d Cir. 1999)....................................................................................................6

*United States v. Bryant*,
    402 Fed.Appx. 543 (2d Cir.2010) ...........................................................................................1

*Wells Fargo Bank, N.A. v. Ullah*,
    No. 13-CV-485 JPO, 2015 WL 3735230 (S.D.N.Y. June 15, 2015)......................................11

*Yeiser v. GMAC Mortg*,
    535 F. Supp. 2d 413 (S.D.N.Y. 2008).............................................................................6, 9, 10

*Younger v. Harris*,
    401 U.S. 37 (1971)..................................................................................................................4

**Rules**

Fed. R. Bank. P. 3001(c)...........................................................................................................7, 8

Fed. R. Bank. P. 7012(b) ............................................................................................................1

Fed. R. Civ. P. 12(b)(1)..........................................................................................................1, 4

Fed. R. Evid. 12(b)(6) ................................................................................................................1

Fed. R. Evid. 201 .......................................................................................................................1

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, respectfully submits this Memorandum of Law, together with the Affirmation of Christopher A. Lynch ("Lynch Aff.") and the exhibits attached thereto, in support of its motion (the "Motion") for entry of an order dismissing *Complaint of Plaintiff Pursuant to 11 U.S.C. Section 506(a) and Rule 3012 to Determine the Value of Security and Creditor's Allowed Secured Claim an [sic] Complaint to Void Mortgage Lien Pursuant to 11 U.S.C. 506(d) and Complaint Objecting to Proof of Claim No. 1-1 [sic] and Complaint for Damages, Sanctions and Injunctive Relief* (the "Complaint" or "Compl.") filed by Sandra Page ("Plaintiff" or the "Debtor"), for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules, as made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1] In support of its Motion, Wells Fargo states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is the owner of certain real property located at 755 East 235th Street, Bronx, New York (the "Property"), which was purchased by Plaintiff by giving a mortgage to Coastal Capital Corp. d/b/a The Mortgage Shop on or about December 21, 2001. Compl. ¶ 9.

The Debtor defaulted on her note and mortgage obligations, upon which default Wells Fargo commenced a foreclosure action on or about June 5, 2014 by filing a Summons and

---

[1] Capitalized terms used but not defined herein have the meanings given such terms in the Complaint.

[2] The following facts are taken from the Complaint and accepted as true solely for the purpose of this Motion. In addition, facts set forth herein but which are not included in the Complaint are derived from the pleadings and orders of the State Court in the Foreclosure Action (as such terms are defined below), which Plaintiff fails to address in her Complaint, but of which this Court can nonetheless take judicial notice. *See United States v. Bryant*, 402 Fed.Appx. 543, 545 (2d Cir. 2010) ("Rule 201 of the Federal Rules of Evidence permits judicial notice of a fact that is 'either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably ... questioned'.") (summary order) (quoting Fed.R.Evid. 201).

Complaint in the Supreme Court of the State of New York, County of Bronx (the "State Court") captioned *Wells Fargo Bank, N.A. v. Page, et al.*, Index No. 35419/2014E (the "Foreclosure Action"). *See* Lynch Aff. Ex. 1. The Debtor interposed an answer on July 30, 2014 (the "Answer") asserting a general denial and a number of affirmative defenses. *See* Lynch Aff. Ex. 2. Included among the Debtor's affirmative defenses is the allegation that "[Wells Fargo] does not have standing to sue as it is not the legal owner of the note and mortgage at the time it commenced the Foreclosure lawsuit." *Id.* On June 20, 2014, Wells Fargo filed in the Foreclosure Action its Motion for Summary Judgment ("Foreclosure MSJ"). *See* Lynch Aff. Ex. 3. Among other things, the Foreclosure MSJ substantively addressed Debtor's affirmative defenses including asserting that Wells Fargo in fact had standing to maintain the Foreclosure Action. *See* Lynch Aff., Ex. 3 at ¶¶ 21-30. On October 30, 2015, the Hon. Lizbeth Gonzalez issued a Decision and Order granting Wells Fargo's Foreclosure MSJ and striking the Debtor's Answer and affirmative defenses, including Debtor's challenge to Wells Fargo's standing (the "SJ Order"). *See* Lynch Aff. Ex. 4.

The Debtor commenced the underlying bankruptcy case on December 9, 2015 by filing a voluntary petition under Chapter 13. Debtor's schedules list, among other assets, an interest in the Property, subject to the mortgage loan held by Wells Fargo. [Dkt. No. 1]

On April 1, 2016, Wells Fargo filed a Proof of Claim in the Debtor's case, designated Claim No. 9 on the Claims Register. *See* Lynch Aff. Ex. 5. On July 25, 2016, Wells Fargo filed an amended Proof of Claim, including, among other things, the following supporting documentation: (i) loan payment history; (ii) escrow accounting; (iii) a true and correct copy of the Note; (iv) a true and correct copy of the Mortgage; and (v) true and correct copies of all assignments thereof (the "Proof of Claim"). *See* Lynch Aff. Ex. 6.

On December 5, 2016, Debtor withdrew her previously filed objection to the Proof of Claim [Dkt. Nos. 17, 31] and on the same date requested that this Court order Loss Mitigation with respect to the Property and Wells Fargo's loan secured by the same. [Dkt. No. 32]; *see also* Compl. ¶¶ 15-16. The Court entered a Loss Mitigation Order on December 22, 2016. [Dkt. No. 34] Debtor's loan modification was denied on or about April 10, 2017 and appeal thereof was later denied on May 15, 2017. On June 5, 2017, the Court issued an Order terminating Loss Mitigation. [Dkt. No. 47]

## **NATURE OF THE ACTION**

On April 9, 2018, the Debtor commenced the instant adversary by filing the Complaint, which claims:

    a. the Proof of Claim lacks supporting documentation verifying the debt as owed to Wells Fargo as required by Rule 3001(c);

    b. Wells Fargo is not a real party of interest with the ability to sue;

    c. Wells Fargo violated its duty of care with respect to servicing Plaintiff's mortgage loan; and

    d. Wells Fargo submitted a version of the Note and Mortgage to this Court bearing the Debtor's forged signature.

Underlying Plaintiff's claims is Debtor's allegation that the Note and Mortgage were signed by a non-human mechanical device, an "autopen," for which she did not provide authority. Compl. ¶ 5. Debtor therefore disputes the originality and authenticity of her signature on the Note and Mortgage. *Id.* For the reasons set forth below, the Complaint should be dismissed.

**ARGUMENT**

I. **Dismissal of the Second, Third and Fourth Causes of Action Is Required Because the Court Lacks Subject Matter Jurisdiction Over Those Claims pursuant to *The Younger Doctrine***

Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 552 (2005). The burden of establishing the court's subject matter jurisdiction falls on the party asserting it. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). This Court must presume that it lacks jurisdiction until the party asserting the existence of subject matter jurisdiction affirmatively establishes that such jurisdiction exists. *See Renne v. Geary*, 501 U.S. 312, 316 (1991). Wherever it appears that the court lacks jurisdiction over the subject matter of a complaint, the court shall dismiss the action. *See* FED. R. CIV. P. 12(b)(1). Such is the case, here, with respect to the Second, Third and Fourth causes of action.

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), this Court is compelled to abstain from exercising jurisdiction over Debtor's Second, Third and Fourth causes of action. In the "interests of comity and federalism," the *Younger* abstention doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984). Thus, a federal court should abstain from interfering with pending state litigation when (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review in the state courts of his constitutional claims. *See Gentner v. Shulman*, 55 F.3d 87, 88-90 (2d Cir. 1995). The principles enunciated in *Younger* have been expanded to civil proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975).

A number of courts in this Circuit have concluded that abstention is appropriate when a federal action seeks to essentially enjoin an ongoing state foreclosure proceeding. Such courts

have found that a state foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and abstained from hearing the federal case. *See Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210(SJF), 2015 WL 5884797 at *4 (E.D.N.Y. Oct. 8, 2015) (internal citations omitted); *see also Fequiere v. Tribeca Lending*, No. 14-cv-812(RRM), 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'") (quoting *Marcelo v. EMC Mortg. Corp.*, No. 10-cv-5964, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)).

The Foreclosure Action is pending, albeit stayed by the commencement of Debtor's Chapter 13 case. That action implicates important state interests in contractual and property rights, such as Wells Fargo's ownership of the loan and standing to enforce the same. Indeed, Wells Fargo's alleged lack of standing was raised by Debtor as an affirmative defense in the Foreclosure Action and any claims regarding the authenticity of the Note and Mortgage, which have a bearing on that standing, can and should have been raised in the Foreclosure Action.

Indeed, the Debtor's claim herein is specifically that the mortgage lien held by Wells Fargo is invalid based on the claim that Wells Fargo is not the holder of the original Note signed by Debtor and the note presented as the Debtor's original was actually signed by an unauthorized "auto-pen". *See* Compl. ¶¶ 3-5. But, the issues raised by the Debtor here, including the issue of standing and the authenticity of the Note held and presented by Wells Fargo, belong in the Foreclosure Action for the State Court where they have been brought, or could have been brought. This action effectively represents a collateral attack on the proceedings in the Foreclosure Action, including the SJ Order, which struck Debtor's Answer including her

5

affirmative defense of lack of standing. Thus, the Second, Third and Fourth causes of action should be dismissed under the *Younger* abstention doctrine.

## II. The Complaint Fails to State a Claim

### A. Applicable Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although all factual allegations contained in the complaint are assumed to be true, however, this tenet is "inapplicable to legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Fellows v. CitiMortgage, Inc.*, 710 F. Supp. 2d 385, 395 (S.D.N.Y. 2010). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Yeiser v. GMAC Mortg*, 535 F. Supp. 2d 413, 420 (S.D.N.Y. 2008). Only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord Harris*, 572 F.3d at 72.

Moreover, the Court "may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." *Southern Cross Overseas Agencies.*

*Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citing cases); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (stating that, in addition to the complaint itself, a court may consider matters of public record, when determining a motion to dismiss). Accordingly, the Court may take judicial notice of the pleadings, orders, and decisions in the Foreclosure Action, which demonstrate that many of Plaintiff's claims are barred by prior determinations of the State Court. The Complaint also fails to state a claim against Wells Fargo because Plaintiff's claims are premised on presumptions, conclusions and speculation rather than facts, and the allegations are legally deficient.

### B. Plaintiff's First Cause of Action for Objection to the Proof of Claim Fails to State a Claim

In conclusory fashion, Plaintiff objects to Wells Fargo's Proof of Claim, asserting the same "lack[s] supporting documentation verifying the debt as owed to Defendant." Compl. ¶ 24. There are no other allegations as to what is possibly missing from Wells Fargo's well-supported Proof of Claim other than the allegation that "Wells Fargo violated Federal Rule of Bankruptcy Procedure 3001(c)." *Id.* at 25. This baseless allegation is belied by the Proof of Claim itself and this claim should be dismissed.

> Bankruptcy Rule 3001(c) provides in pertinent part
>
> (1) Claim Based on a Writing. …[W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
>
> (2) Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply. In a case in which the debtor is an individual:
>
>> (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

> (B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.
>
> (C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

Fed. R. Bank. P. 3001(c)(1)-(2).

Dissecting Rule 3001(c), it is indisputable that Wells Fargo has complied fully with its requirements. First, annexed to the Proof of Claim is a true and correct copy of the Note and the Mortgage, the "writing" upon which Wells Fargo's claim is based, thus satisfying the requirements of Rule 3001(c)(1). *See* Lynch Aff. Ex. 6. Second, the Proof of Claim includes an itemized statement of the principal balance, interest due, fees and costs due, as well as the escrow deficiency. The Proof of Claim therefore plainly satisfies the requirement of Rule 3001(c)(2)(A). *See id.* Third, as the claim is secured by the Property, the Proof of Claim properly includes a statement of the amount necessary to cure any default as of the Petition Date, with each component of such arrearages broken out. *See id.* Rule 3001(c)(2)(B) is complied with. Finally, the Proof of Claim includes and is further supported by the Mortgage Proof of Claim Attachment detailing, among other things, the loan account activity, the application of funds and the resulting balance. In addition, an escrow account statement as of the Petition Date is included in support of the Proof of Claim. *See id.* Accordingly, the Proof of Claim timely filed by Wells Fargo, complies fully with Rule 3001(c). In the face of this incontrovertible evidence, of which this Court may take notice, Debtor's conclusory statement that the Proof of Claim "lack[s] supporting documentation verifying the debt as owed to Defendant" must fail.

*See Yeiser*, 535 F. Supp. 2d at 420 ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

    **C.    Debtor's Third Cause of Action for Breach of Duty of Care Fails as Matter of Law**

For its Third Cause of Action, Debtor claims that Wells Fargo violated its duty of care "with respect to servicing their [sic] mortgage loans [sic]." *See* Compl. ¶ 30. This claim must fail because the law is clear that a lender and borrower have a contractual relationship and that a lender owes no duty of care to a borrower. *See, e.g., Sinclair Broad Grp., Inc. v. Bank of Montreal,* No. 94 Civ. 4677, 1995 WL 70577, at *7 (S.D.N.Y. Feb. 21, 1995) ("[C]ourts have consistently rejected the notion that a lender owes a duty of care to a prospective borrower."); *Cendant Mortg. Corp. v. Packes,* 37 A.D.3d 515, 516 (N.Y. App. Div. 2007) (mortgagee owed mortgagor no duty of care). Further, under New York law, a lender does not owe a fiduciary duty to a borrower. *See Cuomo v. Mahopac Nat'l Bank*, 5 A.D.3d 621, 622 (N.Y. App. Div. 2004) (arms-length contract between borrowers and bank did not create a fiduciary relationship).

The court in *Costigan v. CitiMortgage, Inc.* rejected plaintiff-borrower's assertion that the mortgagee owed the borrower a "duty of reasonable care and that CitiMortgage breached this duty." *Costigan v. CitiMortgage, Inc.,* No. 10 CIV. 8776 SAS, 2011 WL 3370397, at *8–9 (S.D.N.Y. Aug. 2, 2011) The Court held that "it is well-established that a bank does not owe a duty of care to a borrower, even if the borrower is a consumer." *Id.*

Here, Debtor claims Wells Fargo owed her a duty of care with respect to servicing her mortgage loan. As plainly stated in *Costigan*, Wells Fargo did not owe any duty to the Debtor, and therefore could not have breached any such duty. Moreover, even if such a duty existed, the Debtor does not plead in her Complaint any facts that would support a finding that the duty was breached. As such, this claim fails.

**III.     Debtor's Claims are Barred by the Doctrine of Collateral Estoppel**

Dismissal of the Complaint is also appropriate because Debtor's claims are barred by the doctrine of collateral estoppel, or issue preclusion.  A court may dismiss a claim on grounds of collateral estoppel or *res judicata* on a motion to dismiss.  *See Graham v. Select Portfolio Serv., Inc.*, 156 F. Supp. 3d 491, 505 (S.D.N.Y. 2016).  "The doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same."  *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984); *DeMartino v. New York*, 586 F. App'x 68, 69 (2d Cir. 2014). Indeed, "collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."  *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007).  Importantly, collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  The doctrine also applies to defences that *could have been* litigated, including defences to a foreclosure.  *See Yeiser v. GMAC Mortg. Corp.,* 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008).

Here, as described above, the State Court has disposed of the standing issue, which necessarily implies a determination that Wells Fargo is the holder of the original Note (the Note signed by the Debtor in 2001*)* and has the authority to foreclose on the Mortgage.  *See* Lynch Aff. Ex.4.

A foreclosure plaintiff must establish standing to obtain its requested relief.  As the New York Court of Appeals recently clarified in a definitive opinion, a plaintiff may do this by

10

providing evidence of possession of the note prior to commencement of the foreclosure action, which in and of itself is sufficient to transfer the obligation and bestow standing in the plaintiff. *See Aurora Loan Servs., LLC v. Taylor*, 25 N.Y. 3d 355, 361 (2015). Specifically, "the note … is the dispositive instrument that conveys standing to foreclose under New York law." *Id*.[3] Physical possession of a note is sufficient to establish standing where there is an "indorsement in blank on the face of the Note." *Wells Fargo Bank, N.A. v. Ullah,* No. 13-CV-485 JPO, 2015 WL 3735230, at *5 (S.D.N.Y. June 15, 2015)("[b]ecause Wells Fargo physically possessed the Note, indorsed in blank, when it commenced this suit, it has standing to bring this action.")

Wells Fargo filed its Foreclosure MSJ arguing, *inter alia,* that it has proper standing to foreclose on the Debtor's mortgage loan as holder of the original note. *See* Lynch Aff. Ex. 3. It was Wells Fargo's obligation to prove standing to foreclose because the Debtor filed an answer in response to the foreclosure complaint and specifically raised standing as the first affirmative defense. Lynch Aff. Ex. 2. The State Court found that Wells Fargo sufficiently certified possession of the original Note. Lynch Aff. Ex. 4. Notably, while represented by counsel and having full and fair opportunity to do so, the Debtor did not dispute her original signature on the Note in her answer.[4] Further, the Debtor did not refute Wells Fargo's standing claims with evidentiary proof that there is a genuine issue of material fact at issue sufficient to require a trial. *Id.* The State Court thus granted the Foreclosure MSJ and struck Debtor's Answer, inclusive of

---

[3] This specifically disposes of any arguments surrounding assignments of Mortgage.

[4] *See, e.g., BAC Home Loans Servicing, LP v. Uvino*, 155 A.D.3d 1155, 1157 (N.Y. App. Div. 2017)("Due to [defendant's] failure to deny in the answer that the notes contained his signature, the signatures were deemed to be legitimate…. Indeed, defendant's signatures on the documents presented by plaintiff were presumed to be genuine[,] especially considering that they were acknowledged by a notary public. In any event, even if the notes had been forged, [defendant] could be deemed to have adopted any unauthorized signature based on his conduct in retaining the benefits of the transaction (i.e., the mortgage proceeds) and making payments on the consolidated note for more than a year.") (internal citations omitted).

all affirmative defenses. *Id.* Ex. 4. The Court therefore determined that there were no triable issues of fact—which includes challenges to standing and the enforceability of the Note.

The Debtor has already had a full and fair opportunity to litigate the enforceability of the Note and Mortgage in the Foreclosure Action. Debtor could have raised challenges to the Note in response to either the foreclosure complaint and/or the Foreclosure MSJ. If the State Court found in her favor, it would have negated Wells Fargo's standing by holding it did <u>not</u> hold the Debtor's original Note. After failing to successfully challenge Wells Fargo's standing in the Foreclosure Action, the Debtor seeks to now re-litigate this same issue through this action. *Id.* The State Court's decision should prevent this.

In the Fourth Cause of Action, Debtor alleges Wells Fargo somehow affixed her signature to the Note and Mortgage without her consent using an "auto-pen." *See* Compl. ¶ 5. Such a claim is very clearly barred by the doctrines of *res judicata* and collateral estoppel because the claim directly relates to the Foreclosure Action and enforcement of the Note and Mortgage, which was adjudicated by the Decision and Order granting the Foreclosure MSJ. Debtor cannot now raise this "forgery" claim or any other claim that could (and should) have been brought in the Foreclosure Action.

Consequently, the doctrines of collateral estoppel and *res judicata* bar Debtor from now litigating these claims in this forum.

## **CONCLUSION**

For the reasons set forth above, Wells Fargo respectfully requests the Court dismiss the Complaint with prejudice for Plaintiff's failure to state a claim upon which relief can be granted, together with such other and further relief as the Court deems appropriate.

Dated: June 6, 2018 **REED SMITH LLP**

By: /s/ Christopher A. Lynch
Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
clynch@reedsmith.com

*Attorney for Wells Fargo Bank, N.A.*